UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KAREN MOSS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. ED CV 14-0639-DFM<br><br>MEMORANDUM OPINION AND ORDER |

　　　Plaintiff Karen Moss ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying her application for Social Security disability benefits. The Court concludes that the ALJ erred in failing to fully develop the record. The ALJ's decision is therefore reversed and the matter is remanded for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

　　　Plaintiff filed applications for Social Security Disability Insurance and Supplemental Security Income benefits on May 25, 2011, alleging disability beginning July 1, 2007. Administrative Record ("AR") 27. After Plaintiff's application was denied, she requested a hearing befor an ALJ. AR 139. A

hearing was held on November 2, 2012, at which Plaintiff testified as did a vocational expert ("VE"). AR 35-71. After the hearing the ALJ issued a ruling in which she found that Plaintiff had the severe impairments of chronic obstructive pulmonary disease (COPD), chronic bronchitis, seizures, depression, and bipolar disorder. AR 17. The ALJ determined that, notwithstanding these impairments, Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with certain additional nonexertional limitations, such as no work at unprotected heights, no work around moving machinery, and no work around large bodies of water. AR 19-20. The ALJ then concluded, based on the VE's testimony, that Plaintiff was not disabled because there were significant jobs available in the regional and national economy that Plaintiff could still perform despite her impairments. AR 26.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ erred in: (1) considering the opinion of Plaintiff's treating physician and developing the record; (2) weighing the opinion of lay witnesses; (3) evaluating Plaintiff's credibility.[1] Joint Stipulation ("JS") at 2-3.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by

---

[1] Because the Court concludes that the ALJ failed to properly develop the record, the Court does not reach the other issues and will not decide whether the other issues would independently warrant relief. Upon remand, the ALJ may wish to consider Plaintiff's other claims of error.

substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.
## DISCUSSION

Plaintiff contends that the ALJ erred in failing to give controlling weight to the opinion of Plaintiff's treating physician, Dr. Jack Lin. JS at 3. An ALJ should generally give more weight to a treating physician's opinion than to opinions from non-treating sources. See 20 C.F.R. § 404.1527(d)(2); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830. However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

Dr. Lin, a neurologist at UC Irvine, treated Plaintiff for her seizures. On October 15, 2012, Dr. Lin filled out a form supplied by Plaintiff's attorney. See AR 381-82. The ALJ summarized Dr. Lin's opinion as follows:

> On October 15, 2012, Jack Lin, M.D., the claimant's treating physician, completed an Ability to [D]o Work Related Activities form on behalf of the claimant. He indicated the claimant suffered from forgetfulness, attention deficits, difficulty with thinking and processing information and decreased comprehension and perceptual ability. Dr. Lin opined the claimant was seriously limited or unable to meet competitive standards in all mental abilities and aptitudes needed to do unskilled and semiskilled work. He opined the claimant was limited with regard to ability to interact appropriately with the general public and ability to maintain socially appropriate behavior and was unable to meet competitive standards with regard to traveling to an unfamiliar place and using public transportation. Dr. Lin opined the claimant would miss more than four days a month of work due to her impairments.

AR 24 (citations omitted). In addition to the form, Dr. Lin explained his answers in a one-page addendum, where he described the symptoms caused by Plaintiff's underlying "chronic condition and past brain injuries." AR 383. Dr. Lin added that his "findings are documented and well supported by the recent neuropsychological evaluation done on the [Plaintiff.]" Id.

At the hearing, the ALJ asked about Dr. Lin's treatment records. AR 51. Plaintiff's attorney indicated that there was an outstanding request to UC Irvine Medical Center for Dr. Lin's records. Id. The ALJ then emphasized that she could not "give much weigh[t]" to Dr. Lin's opinion "without treatment records." AR 52. She told the attorney that he had two weeks to obtain the

records and that if "you have any problems getting them please submit something in writing to me." Id. The ALJ later reiterated that she "believe[d] we're missing a significant number of [medical] records." AR 70.

On November 27, 2012, Plaintiff's attorney submitted a request for an additional two weeks to obtain treatment records, presumably Dr. Lin's, from UC Irvine Medical Center. AR 33. Two days later, Plaintiff's attorney submitted medical records from Dr. Ann Hamilton, another of Plaintiff's treating physicians, dating from May 27, 2010 until November 12, 2012. See AR 429. These records included Dr. Hamilton's copy of certain reports from Plaintiff's treatment at UC Irvine Medical Center, such as an October 2012 report from Dr. Frank Hsu to Dr. Lin in which Dr. Hsu evaluated Plaintiff for a "phase II monitoring procedure with craniotomy on the left side . . . with grids and depth electrode placement" and "subsequent surgery for resection." AR 438. However, the records did not include Dr. Lin's treatment records or notes. Without directly addressing Plaintiff's request for additional time, the ALJ issued her decision denying Plaintiff's application for benefits on December 7, 2012. AR 15-27.

In her opinion, the ALJ gave Dr. Lin's opinion "little weight," determining that it was "brief, conclusory, and inadequately supported by clinical findings" because "Dr. Lin did not provide an explanation for this assessment, including treatment notes or mental status examination results." AR 25. Additionally, the ALJ stated that "[Dr. Lin's] opinion is inconsistent with the objective medical evidence as a whole already discussed above in this decision, which shows no psychiatric symptoms and no course of mental health treatment, including psychiatric visits or group therapy." Id.

An ALJ has an affirmative duty to assist the claimant in developing the record at every step of the sequential evaluation process. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433

F.3d 683, 687 (9th Cir. 2005). The ALJ's duty exists whether or not plaintiff is represented by counsel. Tonapetyan, 242 F.3d at 1150. However, when the claimant is unrepresented, the ALJ must be especially diligent in "exploring for all the relevant facts." Id. The ALJ's duty is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

An ALJ may discharge her duty to develop the record in several ways, including: subpoenaing the plaintiff's physician, submitting questions to the physician, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. Tonapetyan, 242 F.3d at 1150. "[B]ecause treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make 'every reasonable effort' to recontact the source for clarification of the reasons for the opinion." Social Security Ruling ("SSR") 96-5p, 1996 WL 374183, at *6 (July 2, 1996).

Here, as the ALJ expressly noted at the hearing, Dr. Lin's treatment records were not part of Plaintiff's hearing record. Dr. Lin's opinion indicated that it was based on Plaintiff's underlying "chronic [epilepsy] and past brain injuries" and that his findings were "documented and well supported by the recent neuropsychological evaluation," statements which should have indicated to the ALJ that there were missing records. Moreover, the records the ALJ did receive from Dr. Hamilton also showed that a video EEG study was performed on Plaintiff at UC Irvine in April 2012 and that during the study she had five seizure episodes that were confirmed to arise in her left temporal lobe. See AR 443-44. Six months later, at or near the time of Dr. Lin's opinion, a UC Irvine neurosurgeon (Dr. Hsu) wrote Dr. Lin a report in

which he evaluated Plaintiff for a craniotomy, a surgical operation in which a flap of the skull is removed to permit the surgeon access to the patient's brain. See AR 438-39. Against the backdrop of this evidence, whether Dr. Lin's opinion was based on sufficient objective clinical findings was a question that the ALJ should have afforded Dr. Lin the opportunity to answer and explain. In sum, the ALJ should have done more to ensure that the record was properly developed before rejecting Dr. Lin's opinion because there were no treatment records to support it.

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); see also Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). Here, remand is appropriate for the ALJ to fully and properly develop the record regarding the opinions of Plaintiff's treating physicians and to determine whether those opinions support a finding of disability.

///
///
///
///

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

Dated: December 5, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge